# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| DANIEL A. LIND, Executor of the Estate of Dale W. Lind, Sr.,<br><br>             Plaintiff,<br><br>    v.<br><br>NORTHEAST OHIO CORRECTIONAL CENTER, et al.,<br><br>             Defendants. | Civil Action No. 4:21-CV-02165-BYP<br><br>**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT** |

For their Answer to Plaintiff's Complaint, Defendants Northeast Ohio Correctional Center, CoreCivic, Inc., CoreCivic of Tennessee, LLC, James Giovino, MD, Marissa Hoppel, APRN, Alexis Schneider, and Nichol Davis, LPN ("Defendants"), by and through undersigned counsel admit, deny, and allege as follows:

1. Defendants admit Daniel Lind is the Executor of the Estate of Dale Lind; that Dale Lind died on November 22, 2020; and deny the remaining allegations set forth in paragraph 1 of Plaintiff's Complaint.

2. Defendants state that the Northeast Ohio Correctional Center ("NEOCC") is a non-jural entity and is not required to answer the allegations set forth in Paragraph 2 of Plaintiff's Complaint, or any other allegation set forth in the Complaint, but if a response to Paragraph 2 or any other allegation within the Complaint is required, then the Defendants deny the allegations set forth therein.

3. Defendants admit CoreCivic, Inc. ("CoreCivic") is authorized to do business in the State of Ohio, that it owns and operates the NEOCC, and denies the remaining allegations set forth in Paragraph 3 of Plaintiff's Complaint.

4. Defendants deny the allegations set forth in Paragraph 4 of Plaintiff's Complaint.

5. Defendants deny the allegations set forth in Paragraph 5 of Plaintiff's Complaint.

6. Defendants admit the individually-named Defendants were employees or contractors with CoreCivic at the time of the incident alleged in Plaintiff's Complaint and deny the remaining allegations set forth in Paragraph 6 of Plaintiff's Complaint.

7. Defendants deny the allegations set forth in Paragraph 7 of Plaintiff's Complaint.

8. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 8 of Plaintiff's Complaint and therefore deny same.

9. Defendants admit Defendant James Giovino is a duly licensed physician practicing in the State of Ohio; that he was an employee or contractor with CoreCivic at the time of the incident alleged in Plaintiff's Complaint; that he provided medical care to the decedent; and deny the remaining allegations set forth in Paragraph 9 of Plaintiff's Complaint.

10. Defendants admit that Marissa Hoppel is a duly licensed advanced practice registered nurse practicing in the State of Ohio; that she was an employee or contractor with CoreCivic at the time of the incident alleged in Plaintiff's Complaint; that she provided medical care to the decedent; and deny the remaining allegations set forth in paragraph 10 of Plaintiff's Complaint.

11. Defendants admit that Alexis Schneider is a duly licensed nurse practicing in the State of Ohio; that she was an employee or contractor with CoreCivic at the time of the incident alleged in Plaintiff's Complaint; that she provided medical care to the decedent; and deny the remaining allegations set forth in Paragraph 11 of Plaintiff's Complaint.

12. Defendants admit that Nichol Davis is a duly licensed nurse practicing in the State of Ohio; that she was an employee or contractor with CoreCivic at the time of the incident alleged in Plaintiff's Complaint; that she provided medical care to the decedent; and deny the remaining allegations set forth in paragraph 12 of Plaintiff's Complaint.

13. Defendants admit the decedent was housed at the NEOCC in the custody of the United States Marshals Service ("USMS"); that he received medical care; and deny the remaining allegations set forth in Paragraph 13 of Plaintiff's Complaint.

14. In answer to Paragraph 14 of Plaintiff's Complaint, Defendants admit an affidavit is attached to the Complaint and deny it comports with Ohio Civ. R. 10.

15. Defendants admit the decedent was detained by the USMS and taken to the NEOCC, and deny the remaining allegations set forth in Paragraph 15 of Plaintiff's Complaint.

16. Defendants admit the Decedent submitted a sick call request, was seen at the medical unit based upon the request, and deny the remaining allegations set forth in Paragraph 16 of Plaintiff's Complaint.

17. Defendants admit decent reported GERD due to prison food and deny the remaining allegations set forth in Paragraph 17 of Plaintiff's Complaint.

18. Defendants admit the decedent was found unresponsive in his cell on November 22, 2020 and deny the remaining allegations set forth in Paragraph 18 of Plaintiff's Complaint.

19. Defendants deny the allegations set forth in Paragraphs 19 through 23 of Plaintiff's Complaint.

20. Defendants admit they have a duty to provide medical care to detainees and deny the remaining allegations set forth in Paragraph 24 of Plaintiffs Complaint.

21. Defendants deny the allegations set forth in Paragraphs 25 through 31 of Plaintiffs Complaint.

22. Further Answering Defendants deny each and every allegation of Plaintiff's Complaint not herein specifically admitted to be true.

## AFFIRMATIVE DEFENSES

1. As a separate defense, and in the alternative, Defendants allege that no evil motive or intent caused their actions or inactions, nor did any of their conduct involve reckless or callous indifference to the rights of Dale W. Lind, thereby precluding compensatory and punitive damages.

2. As a separate defense, and in the alternative, Defendants allege that a pre-existing medical condition caused or contributed to the death of Dale W. Lind.

3. As and for a separate defense, and in the alternative, Defendants allege that Plaintiff's Complaint fails to state a claim upon which relief can be granted against these answering Defendants.

4. As and for a separate defense, and in the alternative, Defendants allege that Plaintiff's decedent was negligent in whole or in part, thereby reducing or eliminating any damages owing by Defendants by way of the doctrine of comparative fault and/or contributory negligence.

5. As and for a separate defense, and in the alternative, as to some or all of Plaintiff's claims, they are barred by statutory and/or common law immunity.

6. As and for a separate defense, and in the alternative, Defendants assert the cause of Plaintiff's decedents death and Plaintiff's damages were due to the actions and omissions of

individuals or entities for whom Defendants are not responsible thereby barring Plaintiff's action, or reducing Plaintiff's damages.

7. As a separate defense, or in the alternative, these answering Defendants allege that Plaintiff did not suffer any injuries or damages for which he may recover.

8. As a separate defense, or in the alternative, these answering Defendants allege that the Plaintiff's decedent's injuries, losses and damages were the result of the assumption of risk by Plaintiff's decedent.

9. As a separate defense, or in the alternative, these answering Defendants allege that they did not owe Plaintiff's decedent a duty of care under common law, statute or regulations.

10. As a separate defense, or in the alternative, these answering Defendants allege that the Plaintiff's decedent's injuries, losses and damages, if any, were the result of the negligence or intentional act of someone other than this answering Defendant, thereby reducing or eliminating any damages owed by these answering Defendants.

11. As a separate defense, or in the alternative, these answering Defendants allege that the actions or inactions alleged on the part of these answering Defendants were not the proximate cause of any injuries, losses and damages to Plaintiff or Plaintiff's decedent.

12. As a separate defense, or in the alternative, these answering Defendants allege that they were acting in good faith, thereby warranting dismissal of this lawsuit.

13. As a separate defense, or in the alternative, these answering Defendants allege that the actions of Defendants were objectively reasonable under the circumstances and that they were acting in good faith and without malice.

14. As a separate defense, or in the alternative, these answering Defendants allege that Plaintiff failed to mitigate his damages, thereby reducing or eliminating any damages owed by these answering Defendants.

15. As a separate defense, or in the alternative, these answering Defendants allege that they did not breach any duty to Plaintiff or Plaintiff's decedent, as any duty existing is a public duty.

16. As a separate defense, or in the alternative, these answering Defendants allege that Plaintiff was contributorily negligent, which would diminish or eliminate Plaintiff's right to recover under certain claims for relief.

17. As a separate defense, or in the alternative, these answering Defendants allege that they were not subjectively aware of, and did not consciously disregard, a substantial risk of harm to Plaintiff's Decedent, thereby warranting dismissal of this lawsuit.

18. As to some or all of Plaintiff's claims, the tortious conduct of a non-party was wholly or partially at fault entitling this Defendant to a determination of its percentage of fault pursuant to R.C. 2307.23.

19. Plaintiff's damages are subject to reduction by operation of the collateral source doctrine.

20. As to some or all of Plaintiff's claims, the damages, if any, Plaintiff may recover are subject to statutory caps as set forth in the Ohio Revised Code.

21. As to some or all of Plaintiffs claims, he is not entitled to punitive damages under the statutory and common law of the State of Ohio.

22. As to some or all of Plaintiffs claims they are barred by operation of the Statute of Limitations.

23. As to some or all of Plaintiff's claims, they are barred by operation of the government contractor immunity doctrine.

24. As to some or all of Plaintiff's claims, they are subject to the two schools of thought, different methods doctrine or the respectable minority doctrine thereby precluding recovery.

25. As to some or all of Plaintiff's claims, they are subject to the provisions and requirements set forth in R.C. §§ 2323.41, 2323.42, and 2323.45.

26. Although these answering Defendants do not presently have facts in support of the following defenses, these answering Defendants wish to assert the following defenses should subsequent discovery reveal these defenses are appropriate. Specifically, the following affirmative defenses set forth in FED. R. CIV. PROC. 8 and 12, including, but not limited to, arbitration and award, assumption of risk, contributory negligence, duress, estoppel, fraud, illegality, laches, release, res judicata, statute of frauds, statute of limitations, waiver, insufficiency of process, improper venue, lack of personal and subject matter jurisdiction, and insufficiency of service of process.

**JURY DEMAND**

Defendants demand a trial by jury on all issues herein.

WHEREFORE, having fully responded to Plaintiff's Complaint, Defendants respectfully request that:

A. Plaintiff's Complaint be dismissed with prejudice;

B. Defendants be awarded their costs, expenses, and attorneys' fees; and

C. Defendants be awarded such other and further relief as to this Court deems just and equitable.

DATED this 20th day of December, 2021.

                                      By:/s/Timothy J. Bojanowski
                                            Timothy J. Bojanowski (0016162)
                                            STRUCK LOVE BOJANOWSKI & ACEDO, PLC
                                            3100 West Ray Road, Suite 300
                                            Chandler, AZ 85226
                                            Telephone:  (480) 420-1600
                                            Facsimile:   (480) 420-1695

                                            *Attorney for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on December 20, 2021, I transmitted the attached document to the Clerk's Office via electronic transmission and caused a true and correct copy of the same to be sent by email transmission to the following:

    Thomas D. Robenalt
    John Colan
    The Robenalt Law Firm, Inc.
    23550 Center Ridge Road, Ste. 103
    Westlake, OH 44145
    trobenalt@robenaltlaw.com
    jcolan@robenaltlaw.com

    *Attorneys for Plaintiff*

                                              /s/Timothy J. Bojanowski
                                              Timothy J. Bojanowski