PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DANIEL A. LIND, | ) | |
| | ) | CASE NO. 4:21CV2165 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| NORTHEAST OHIO CORRECTIONAL | ) | |
| CENTER, *et al.*, | ) | **ORDER** |
| | ) | [Resolving ECF Nos. 4, 5] |
| Defendants. | ) | |

Pending before the Court is Plaintiff's Motion to Remand. ECF No. 5. Defendants responded in opposition. ECF No. 7. The Court has reviewed the parties' filings and the applicable law. For the reasons stated below, Plaintiff's motion is denied.

**I. Background**

The above-captioned case was removed from the Mahoning County Court of Common Pleas.[1] ECF No. 1. Plaintiff seeks a remand because the complaint "contains no federal claims, none of the Defendants are federal agents or agencies, and there are no claims that any of the Defendants are federal contractors or even take any direction from any federal agent or agency." ECF No. 5 at PageID #: 63. Defendants oppose remand because Defendant CoreCivic, Inc. "is a federal contractor providing detention services to the United States Marshals Service ("USMS")

---

[1] Prior to being removed, this matter was assigned Case Number: 2021 CV 01846. *See* https://ecourts.mahoningcountyoh.gov/eservices/searchresults.page?x=gVouLBWc3bOAt7-uedtavnmq223PJtrT*LGeAl4zg7SVTYVIqY0omPipGVwI9o64C2zsesJhcdjyGyQNPKMnsw (last visited January 25, 2022).

(4:21CV2165)

pursuant to a contract" with the United States Department of Justice ("USDOJ"), and removal is proper under 28 U.S.C. § 1442. ECF No. 7 at PageID #: 102.

## II. Discussion

Under the federal officer removal statute, a defendant in a state court action can remove the matter to federal district court if the cause of action arises out of actions taken at the direction of the federal government. See Mays v. City of Flint, Mich., 871 F.3d 437, 441 (6th Cir. 2017). The statute provides:

> (a) A civil action or criminal prosecution that is commenced in a State court and that is against or directed to any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:
>
>> (1) The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.

28 U.S.C. § 1442(a)(1). For the case to be removed, Defendants must show that "(1) it is a person who acted under the direction of a federal officer; (2) the actions for which it is being sued were performed under the color of federal office, and (3) there is a colorable federal defense to the plaintiff's claims." In re Nat'l Prescription Opiate Litig., 327 F. Supp. 3d 1064, 1069–70 (N.D. Ohio 2018) (citing Bennett v. MIS Corp., 607 F.3d 1076, 1085 (6th Cir. 2010)).

### A. Acting Under Direction of a Federal Officer

Defendants can satisfy the first prong by demonstrating that "'the relationship between the contractor and the Government is an unusually close one involving detailed regulation, monitoring, or supervision.'" In re Nat'l Prescription Opiate Litig., 327 F. Supp. at 1076 (citing Watson v. Philip Morris Companies, Inc., 551 U.S. 142, 153 (2007)). In this case, Defendants

2

(4:21CV2165)

meet this standard because of their contract with the USDOJ "provides for the housing of detainees and[,] while housed[,] the provision of medical care.  Each of these services is closely monitored by the USMS[,] and [Defendant] CoreCivic must meet a variety of specifications both in the contract and as part of the Federal Performance-Based Detention Standards issued by [t]he United States Department of Justice." ECF No. 7 at PageID #: 103.  Defendants are required to meet standards set and closely monitored by the federal government. *See* Bennett, 607 F.3d at 1088 (explaining that defendant corporation satisfied the acting under direction of a federal officer prong because their actions went beyond just complying with the law, as the Federal Aviation Administration imparted detailed regulation, monitoring, and supervision).

### B. Actions Performed under Color of Federal Office

Defendants are also required to establish "some causal nexus between the plaintiff's claims and the private party's actions committed under the direction of the federal government." *In re Nat'l Prescription Opiate Litig.*, 327 F. Supp. at 1076 (citing *Watson,* 551 U.S. at 148).  Defendants satisfy the second prong because one of the primary obligations of their contract with USDOJ was to provide medical services, which Plaintiff alleges were inadequate.  Bennett, 607 F.3d at 1088 (concluding that a causal nexus was established because the work of defendants, "which was performed at the direction of [federal] officers under contract, was also the alleged cause of plaintiffs' personal injuries").

### C. A Colorable Defense

The final prong presents "a low bar and merely requires that the defendant's assertion is both 'defensive' and 'based in federal law.'" *In re Nat'l Prescription Opiate Litig.*, 327 F. Supp. at 1077 (quoting *Mesa v. California,* 489 U.S. 121, 129 (1989)).  Defendants meet the third prong because their defense to Plaintiff's allegations is that the medical care standards, set by the

3

(4:21CV2165)

federal government, were indeed met. *In re Welding Rod Prod. Liab. Litig.*, No. 1:03-CV-17000, 2004 WL 1179454, at *12 (N.D. Ohio May 21, 2004) (quoting *Little v. Purdue Pharma, L.P.*, 227 F. Supp. 2d 838, 861 (S.D. Ohio 2002)) (stating that a colorable federal defense is raised when a defendant is "operating under the terms of a federal contract, and thus the operative contractual commands of federal officials").

### III. Conclusion

For the reasons stated above, Defendants properly removed this matter pursuant to the federal officer removal statute. 28 U.S.C. § 1442(a)(1). Accordingly, Plaintiff's Motion to Remand (ECF No. 5) is denied.[2]

The Case Management Conference will proceed as scheduled.

IT IS SO ORDERED.

| January 27, 2022 | /s/ Benita Y. Pearson |
|---|---|
| Date | Benita Y. Pearson<br>United States District Judge |

---

[2] Defendants' Motion for Leave to Plead (ECF No. 4) is denied as moot, as Defendants have filed their Answer (ECF No. 6).

4